UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DO NO HARM**,

    **Plaintiff**,

v.                                             Case No. 3:23cv24746-TKW-HTC

**VITUITY**,

    **Defendant**.

_____/

## ORDER DENYING TEMPORARY RESTRAINING ORDER

Last Friday, Plaintiff filed a complaint challenging an allegedly discriminatory hiring program maintained by Defendant along with an emergency motion for a temporary restraining order (TRO) (Doc. 5). The motion asserted that the program was scheduled to close on December 17, 2023, and asked the Court to enter "an immediate order … restraining [Defendant] from closing the application period" for the program. Defendant was ordered to file a response on an expedited basis, which it did yesterday afternoon. *See* Doc. 15.

The response demonstrated that Plaintiff misunderstands the nature of the challenged program and explained that the application period for the program is not scheduled to close on December 17—or any other particular date. Within two hours after the response was filed, Plaintiff commendably (and correctly) filed a notice withdrawing its request for an emergency TRO. *See* Doc. 17.

The notice of withdrawal asked the Court to treat the motion for a TRO as a motion for a preliminary injunction "to prevent [Defendant], during the pendency of this litigation, from filling the two physician positions [in Pensacola]." The Court declines that request because the relief identified in the notice of withdrawal is materially different from the relief sought in the motion for a TRO and might need different argument or evidence to justify. Thus, if Plaintiff wants the Court to grant the relief identified in the notice of withdrawal, it will need to file an appropriate motion for a preliminary injunction (or TRO) seeking that relief.

That said, based on the affidavit filed by Defendant with its response, the Court has serious doubts about Plaintiff's standing because it appears that the sole member that Plaintiff relies on for standing—"Doctor A"—would only be adversely impacted by the challenged program <u>if</u> he applied to work for Defendant (which he says he is "ready and able" to do but apparently has not done), <u>if</u> he was hired by Defendant and successfully completed the credentialing process (which can take many months and may not ever happen), and <u>if</u> he did not qualify for any of Defendant's specialty-based incentives that exceed the $100,000 incentive that is only available to "Black physicians" (which is unknown and may be unknowable at this point). That is a lot of "ifs."

The Court will, of course, keep an open mind on the issue of standing, but with all of the "ifs," it certainly seems that Doctor A's (and, thus, Plaintiff's) alleged

injury may be more conjectural than actual or imminent. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (explaining that the injury-in-fact prong of the Article III standing test requires "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical") (internal quotations and citations omitted); *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1338 (11th Cir. 2021) ("[T]hreatened injury must be *certainly impending* to constitute injury in fact, … [a]llegations of *possible* future injury are not sufficient." (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)) (alterations in original)). And, if it turns out that the Plaintiff lacks Article III standing, the Court will have no authority to consider the merits of Plaintiff's claims.[1] *See Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011) ("In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims, and the court is powerless to continue."). Thus, if Plaintiff decides to file a motion

---

[1] That said, it appears to be undisputed that the challenged program discriminates based on race because, unless the Court is missing something, a white physician hired by Defendant in Pensacola who does not qualify for a higher specialty-based incentive could only receive a $35,000 geographic incentive whereas the same non-white physician could receive the $100,000 "Black physician" incentive. Indeed, it is noteworthy that Defendant did not argue that the challenged program does not discriminate based on race, but rather, it argues that the discrimination is permissible under Supreme Court precedent that predates the Court's most recent pronouncements about race discrimination.

3

for a preliminary injunction, it will need to address the issue of standing head-on and overcome the Court's concerns.[2]

In sum, for the reasons stated above, it is **ORDERED** that Plaintiff's motion for an emergency TRO (Doc. 5) is **DENIED without prejudice** to filing a new motion for a TRO or preliminary injunction—if Plaintiff has a good faith basis to seek such relief.

**DONE and ORDERED** this 14th day of December, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**

---

[2] If Plaintiff cannot make a good faith argument about standing in light of the information provided in Defendant's affidavit, it should promptly file a notice of voluntary dismissal.